C|M O|F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY as Subrogee of
RAMON ZEA,

                Plaintiff(s),            04-cv-4036
                                                      (SJF)(JO)
    -against-

                                                   **OPINION & ORDER**

UNITED STATES OF AMERICA and
MILDRED SCHROF,

                Defendants.
----------------------------------------------------------X
FEUERSTEIN, J.

I.    Introduction

        Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm" or "Plaintiff"), acting in its capacity as subrogee of Ramon Zea, initiated this action against the United States of America ("United States") and Mildred Schrof ("Schrof" and together with the United States, "Defendants") pursuant to the Federal Torts Claim Act, 28 U.S.C. § 2671 *et seq.* ("FTCA"). Defendants now move this Court to dismiss the action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. For the reasons set forth below, Defendants' motion is granted.

II.    Background

        On October 31, 2001, Plaintiff's subrogor was involved in an automobile accident with a vehicle owned by the United States Postal Service.[1] As a result of this accident, Plaintiff's subrogor allegedly sustained $3,112.40 in property damage and loss of use of his vehicle.

---

[1] Unless indicated otherwise, all facts are drawn from Plaintiff's complaint.

1

Plaintiff reimbursed its subrogor for this amount pursuant to a collision insurance policy. On March 10, 2003, Plaintiff filed an administrative claim with the United States on behalf of Maria and Ramon Zea, claiming total damages of $2,612.40. (Beckmann Aff., Ex. B). On May 22, 2003, Defendants offered to settle the claim for $1,959.30. (Id., Ex. C). Defendants confirmed this offer in a letter to Plaintiff's counsel on November 6, 2003, and requested he "discuss this offer with your client and contact the [United States] with their position." (Id.). On December 3, 2003, Defendants reconveyed their settlement offer to Plaintiff's counsel. (Id., Ex. D). In that letter, Defendants also stated that "[t]his offer will remain open until January 5, 2004 . . . [after which] the offer will be withdrawn and the claim denied." (Id.). On January 6, 2004, Defendants sent a letter to Plaintiff's counsel stating, in relevant part:

> On November 6, 2003 I conveyed to you an offer in the amount of $1,959.30 to settle this claim. To date we have not received a response to that offer. Accordingly, this claim is denied based on our inability to reach a satisfactory settlement. In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a) . . . a claimant may file suit in a United States District Court no later than six (6) months after the date the Postal Service *mails* the notice of that final action. Accordingly, any suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this letter, which is the date shown above. Further, note the United States of America is the only proper defendant in a civil action brought pursuant to the [FTCA] . . . .

(Id., Ex. E) (emphasis in original). This letter was sent via certified mail, return receipt requested. (Id., Ex. E-F). The return receipt was signed on January 9, 2004. (Id., Ex. F). Plaintiff initiated this action on September 17, 2004. (Cmplt.)

III. Analysis

    A. The United States

"The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941); O'Rourke v. Smithsonian Inst. Press, 399

F.3d 113, 115 (2d Cir. 2005). Pursuant to the FTCA, the United States has consented to a limited waiver of its immunity vis-à-vis certain torts. 28 U.S.C. § 1346(b); 28 U.S.C. § 2401(b). This waiver is not without limit, see Johnson v. Smithsonian Inst., 189 F.3d 190, 189 (2d Cir. 1999), and a Plaintiff "must comply with several strictly construed prerequisites" in order to bring suit. Id. As relevant to the instant action, 28 U.S.C. § 2401(b) states

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). The District Courts lack subject matter jurisdiction to hear untimely actions. In re Agent Orange Prod. Liab. Litig, 818 F.2d 210, 214 (2d Cir. 1987) ("In the absence of such compliance, a district court has no subject matter jurisdiction over the plaintiff's claim."); Long Island Radio Co. v. NLRB, 841 F.2d 474, 477 (2d Cir. 1988). A plaintiff is required to plead and prove compliance with § 2401(b). Johnson, 189 F.3d at 189 (citing In re Agent Orange Prod. Liab. Litig., 818 F.2d at 214).

Defendants denied Plaintiff's claim on January 6, 2004 via certified mail, return receipt requested. Plaintiff did not file suit, however, until September 17, 2004, well beyond the statutory six month period. Plaintiff's counsel claims he never received the January 6, 2004 letter, presumably entitling Plaintiff to equitable tolling. According to Plaintiff's counsel, the United States erred by "address[ing] the document directly to 'Vince A. Sabella' instead of the law firm [Nicolini, Paradise, Ferretti, and Sabella]." (Sabella Aff. ¶ 14). As Plaintiff's counsel explains, "[t]here is no testimony for anyone with personal knowledge as to why this denial was not addressed to 'Nicolini, Paradise, Ferretti, and Sabella' and precisely what Post Office

3

procedures are available to forwarding a misaddressed item to the appropriate parties." (Id. ¶ 15). Plaintiff's objections are without merit.

The return receipt reflects that the January 6, 2004 letter was received on January 9, 2004. (Beckmann Aff., Ex. F). Plaintiff's claim that he did not receive the notice of denial, without more, is insufficient to justify equitably tolling the six-month limitation period. Cruz v. United States, 03-cv-4879, at *5 (E.D.N.Y., Mar. 29, 2005) (Amon, J.). Furthermore, the United States has provided an affidavit from the Postmaster of the Mineola, New York Post Office explaining how a document such as the January 6, 2004 denial would be handled and documenting that the denial letter was, in fact, received and signed for. (Cohen Decl.).

While Plaintiff has challenged the Cohen Declaration as improper, its claims are without merit. According to Plaintiff, the Cohen Declaration runs afoul of Fed. R. Civ. P. 56(e) because it is not notarized. However, Fed. R. Civ. P. 56(e) governs documents submitted in support of a motion for summary judgment under Fed. R. Civ. P. 56. The within motion was made pursuant to Fed. R. Civ. P. 12(b)(1). Furthermore, pursuant to 28 U.S.C. § 1746,

> any matter [that] is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same . . . such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person . . . .

28 U.S.C. § 1746. The Second Circuit has held that a declaration need not comply exactly with the sample language included at the end of § 1746 in order for the statement to be admissible. See LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham, 185 F.3d 61, 65-66 (2d Cir. 1999) ("Although the letter does not contain the exact language of Section 1746 nor state that the contents are 'true and correct,' it substantially complies with these statutory requirements, which is all that this Section requires."). Mr. Cohen's declaration is in substantial compliance with 28

U.S.C. § 1746, and therefore carries the same weight as if it had been sworn under oath. Finally, even without the Cohen Declaration, the Court nonetheless finds that Plaintiff has not met its burden of demonstrating compliance with § 2401(b). This Court lacks subject matter jurisdiction and the claims against the United States are therefore dismissed.

B. Mildred Schrof

Employees of the United States who are acting within the scope of their employment are immune from common-law tort claims. See 28 U.S.C. § 2670(b)(1); Castro v. United States, 34 F.3d 106, 110 (2d Cir. 1994). Plaintiff has not alleged that Ms. Schrof was acting outside the scope of her employment, and she is therefore immune from suit. Plaintiff's claims against Ms. Schrof are therefore dismissed.

IV. Conclusion

For the reasons set forth above, Defendants' motions to dismiss is granted. The Clerk of the Court is directed to close this case.

Sandra J. Feuerstein
United States District Judge

Dated: October 17, 2005
Central Islip, New York

To:

Vince A. Sabella
Nicolini, Paradise, Ferretti & Sabella
114 Old Country Road
Suite 500
Mineola, NY 11501-9006

Diane Leonardo-Beckmann
United States Attorneys Office
610 Federal Plaza
Fifth Floor
Central Islip, NY 11722